IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 PROCEEDING |
| THOMAS M WHEITNER | : | CASE NO. : 15-60970 |
| ANITA R WHEITNER | : | JUDGE RUSS KENDIG |
| DEBTOR(S) | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
## OF DEBTOR'(S) 2ND AMENDED PLAN DATED AUGUST 20, 2015

**Now comes the Standing Chapter 13 Trustee, Toby L. Rosen**, for the above captioned case and objects to Confirmation of the Debtor'(s) proposed Plan on the grounds that said plan is in violation of 11 U.S.C. Section(s):

**Unfeasible**
   1325 (a) (6) the debtor will be able to make all payments under the plan and to
       comply with the plan

   1325 (a) (1) the plan complies with the provisions of this chapter and with the other
       applicable provisions of this title.

 By failing to comply with 11 U.S.C. Section
   1322 (d) the plan may not provide for payments over a period that is longer than
       three years, unless the court, for cause, approves a longer period, but
       the court may not approve a period that is longer than five years.

**WON'T PAY IN 60 MONTHS**
**DEBTORS CANNOT MAKE PAYMENTS AS SCHEDULED**

**Disposable Income**
   1325 (a) (1) the plan complies with the provisions of this chapter and with the other
       applicable provisions of this title.

   1325 (a) (3) the plan has been proposed in good faith and not by any means
       forbidden by law.

And therefore fails to comply with 11 U.S.C. Section
   1322 (a) (1) provide for the submission of all or such portion of future earnings
       or other future income of the debtor to the supervision and control
       of the trustee as is necessary for the execution of the plan.

A proposed plan must comply with 11 U.S.C. Section
> 1325 (b) (1) (B) the plan provides that all the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

**NEED PAY STUBS FOR WIFE'S NEW JOB**

**Discrimination**
> 1325 (a) (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title.

By failing to comply with 11 U.S.C. Section
> 1322 (b) (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated, however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims.

**PAYING STUDENT LOANS OUTSIDE OF THE PLAN**

**WHEREFORE**, the Standing Chapter 13 Trustee prays that the confirmation of the debtor(s) plan be **denied.**

/S/ Toby L. Rosen
**Toby L. Rosen, Chapter 13 Trustee**

### CERTIFICATE OF SERVICE

I certify that on August 27, 2015, a true and correct copy of the OBJECTION was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

EDWARD CLARK CORLEY ESQ, on behalf of THOMAS M and ANITA R WHEITNER, at law@edwardcorley.com

And by regular U.S. Mail, postage prepaid, on:

NONE

/s/ Toby L. Rosen
Toby L. Rosen, Chapter 13 Trustee
400 West Tuscarawas Street, 4th Floor
Canton, Ohio 44702
330-455-2222